IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHRISTOPHER PAUL KILCULLEN,

        Plaintiff

        VS.

Ms. SHELLY TICE; Judge JAMES
L. CLINE, JR.; RICHARD CHATMAN,

        Defendants

NO. 5:07-CV-141(HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Plaintiff **CHRISTOPHER PAUL KILCULLEN**, formerly an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the $5.44 initial partial filing fee as ordered by the Court.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that on August 29, 2003, he was arrested and charged with possession of marijuana in Wilkinson County. He alleges that he was also served with a probation warrant out of Baldwin County, Georgia. Plaintiff explains that on September 11, 2003, his probation in Baldwin County, Georgia was revoked in its entirety. It appears that plaintiff was on probation for two offenses, with one expiring on March 6, 2004, and another on March 6, 2007. Plaintiff explains that because of his revocation, he was sent to prison in December of 2003.

Plaintiff Kilcullen avers that on May 18, 2004, he was taken before Judge James L. Cline, Jr. in Wilkinson County and was sentenced to three years imprisonment on the possession of marijuana charge, with credit for time served as recommended by Assistant District Attorney Shelly Tice. He alleges that shortly after the May 18, 2004 hearing, he received a new time computation sheet from the Georgia Department of Corrections which stated that his "max out" time had been moved from March 6, 2007 to May 12, 2007. Plaintiff states that, according to the transcript of the May 18, 2004 hearing, he should have received credit for time served. However, "this information never found its way onto [his] final disposition or sentencing sheet."

Plaintiff advises that on March 5, 2007, he was "taken back before the Superior Court of Wilkinson County, Georgia and [his case] was amended [to] reflect[] 'credit for time served'." However, at the time he filed this 42 U.S.C. § 1983 action (April 13, 2007), plaintiff was still incarcerated. He maintains that he should have been released on March 6, 2007.

According to the Georgia Department of Corrections Website, it appears that plaintiff was not released from prison until May 12, 2007. Therefore, according to plaintiff, he was held illegally from March 6, 2007 to May 12, 2007. In the case at bar, he seeks declaratory and injunctive relief, as well as monetary damages.

To the extent that plaintiff seeks release from prison, this relief is not available in a 42 U.S.C. § 1983 action. **Preiser v. Rodriquez**, 411 U.S. 475 (1973). Moreover, it appears that release from prison is no longer an issue because plaintiff was released from confinement on May 12, 2007.

The Eleventh Circuit Court of Appeals has "held that prisoners have a 'constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release'." **Kelley v. Georgia Dep't of Corr**., 145 Fed. Appx. 329, 330 (11th Cir. 2005) (quoting **Cannon v. Macon County,** 1 F.3d 558, 1563 (11th Cir. 1993)). More than mere negligence must be shown on the part of the party detaining the prisoner; "a showing of deliberate indifference is required to establish a violation of substantive due process rights protected by the fourteenth amendment." *Id*. Moreover, "[u]nder Georgia law, a trial court need not mention credit for time served in incarceration in its sentence because the credit will be computed and applied by the pre-sentence and post-sentence custodians." *Id*. at 330-31.

Plaintiff has named JUDGE JAMES L. CLINE, JR. as a defendant. Plaintiff states that the judge "should have read the sentencing sheet to be sure it was correct per his own ruling before signing." Plaintiff has not alleged any type of deliberate indifference on the part of Judge Cline. Moreover, it even appears that the Wilkinson County Superior Court corrected plaintiff's sentence on March 5, 2007 to reflect "credit for time served."

Additionally, Judge Cline is entitled to judicial immunity for his actions during the May 18, 2004 hearing and his signing of any sentencing sheet. In ***Harris v. Deveaux***, 780 F.2d 911 (11th Cir. 1986), the Eleventh Circuit explained that "[j]udicial immunity is absolute immunity." ***Id***. at 914. A judge has immunity from money damages under § 1983 when his dealings with a plaintiff are "in a judicial capacity" and he has not acted in the "clear absence of all jurisdiction." ***Id***. Such is the situation in this case. When Judge Cline conducted the May 18, 2004 hearing and signed any sentencing sheet, he was clearly acting "in a judicial capacity" and plaintiff has not shown that the Judge was acting in "clear absence of all jurisdiction." Therefore, Judge Cline enjoys immunity from monetary damages under §1983 in such a situation. ***See Wilson v. Bush***, 196 Fed. Appx. 796, 799 (11th Cir. 2006) (holding that "[e]ntering a judgment or order is a quintessential judicial function and immunity attaches to it.")

Accordingly, the undersigned **RECOMMENDS** that Judge James L. Cline, Jr. be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

Plaintiff has also named SHELLY TICE as a defendant because, according to plaintiff, she failed to fill the "sentencing sheet out properly." At most this is an allegation of negligence and does not amount to deliberate indifference. Moreover, Shelly Tice has absolute immunity from suit under 42 U.S.C. § 1983 when she is acting withing his jurisdictional scope. In ***Imbler v. Pachtman***, 424 U.S. 409 (1976), the United States Supreme Court expressly recognized "[t]he doctrine of absolute prosecutorial immunity from civil damages suits under § 1983 for actions 'intimately associated with the judicial phase of the criminal process'." ***Fullman v. Graddick***, 739 F.2d 553, 558 (11th Cir. 1984) (quoting ***Imbler***, 424 U.S. at 430). The completion of sentencing sheets is a part of the judicial process and, therefore, Ms. Tice would have immunity.

- 4 -

Accordingly, the undersigned **RECOMMENDS** that Shelly Tice be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

Plaintiff has also named SHERIFF RICHARD CHATMAN as a defendant. It appears that Sheriff Chatman, as a pre and/or post-sentence custodian, is responsible for computing and applying any credit for time served. *Kelley v. Georgia Dep't of Corr*., 145 Fed. Appx. 329, 330 (11th Cir. 2005). The undersigned finds that, at this point in the litigation, he cannot rule the claim against Sheriff Chatman is wholly frivolous. Therefore, plaintiff's action shall go forward against this defendant.

Accordingly, IT IS ORDERED AND DIRECTED that service be made as provided by law only upon defendant SHERIFF RICHARD CHATMAN; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendant(s) as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ <u>**DUTY TO PROSECUTE ACTION**</u>

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

<u>**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**</u>

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

<u>**DISCOVERY**</u>

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

☞                       **<u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>**

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, even though plaintiff has been released from the custody of the State of Georgia or any county thereof, he remains obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized if plaintiff fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 26th day of June, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

# ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT. NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.